De la Rosa v. Sucrerie Centrale Coloso.


# VICTORIO DE LA ROSA

*v.*

# SUCRERIE CENTRALE COLOSO.

---

San Juan, Law, No. 1150.

ON MOTION TO DIRECT A VERDICT.

Prescription—Exceptions.
>    The Civil Code of Porto Rico provides that actions are pre-
>    scribed by the mere lapse of time specified, and it is not necessary
>    to go further in the pleadings and deny matters which are in the
>    nature of an exception to the prescription.

Opinion filed June 22, 1917.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, filed the following opinion:

By agreement of parties the matter of prescription is brought
up and evidence produced, and the court is to pass on that inde-
pendently of anything else in the case. Instead of going
through a long trial, and having perhaps to pass upon the point
in connection with all of the evidence in the case, it is agreed
that evidence will be produced on that point, and the court
decide accordingly. If the decision sustains the plea, of course

that will be the end of the case; and, if not, it is understood that the parties can still go ahead and try the main issues in the case.

The points relied upon are these. The Code of Civil Procedure, which governs this case under our practice here, provides in § 128: "In pleading the Statute of Limitations, it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of law . . . and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred." [Compilation 1911, § 5112.] The Statute of Limitations of five years is pleaded, and it is controverted by a replication, and evidence is introduced by the party alleging the prescription, the defendant.

The question seems to be mainly one of burden of proof. The defendant, who has pleaded the statute, has introduced the plaintiff himself, and asked him the question whether there has been any other suit brought. The plaintiff replied, "No." That was all the testimony. The plaintiff did not cross-examine the witness. The statute relied upon, therefore, is § 1867 of the Civil Code. "Actions to demand the fulfilment of the following obligations prescribe in five years." The first two subdivisions do not apply. The third is: "That of any other payments which should have been made annually or in shorter periods."

The exact question is whether the defendant should have gone further in his evidence and negatived the exceptions, the interruptions. Sec. 1874 reads: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of

De la Rosa v. Sucrerie Centrale Coloso.

the debt by the debtor." [Compilation 1911, § 4980.] The first is out of the way, because there is evidence that there was no other suit instituted.

Now, is it incumbent upon the defendant, that is, the person relying upon the plea of prescription in this case, to go ahead and negative the extrajudicial claim of the creditor and the act of acknowledgment by the debtor? The general principle is that it is not necessary to set up exceptions; that is, in the pleadings. The person relying upon the law has a right to sue upon the law itself, and not negative the exceptions to the law. It is claimed, however, that the rule of prescription is different, because in Porto Rico under the civil law, prescription is somewhat different from the Statute of Limitations. It is different in some respects. For instance, there are two kinds of prescription, which are governed by two different chapters of the Civil Code. Prescription of ownership and other property rights is one, and prescription of actions is another. This prescription comes under the second head. It is the prescription of actions.

It seems to me that light is thrown upon the subject, in fact, that the matter is settled by § 1862 under the head of prescription of actions, which says: "Actions are prescribed by the mere lapse of time specified by law." The time prescribed by law in this case, under § 1867, is five years. The proof shows there has been no other action brought within five years after the accrual of the cause of action, so that it looks to me as if the point raised is concluded by the law of § 1862, that actions are prescribed by the mere lapse of time specified by law.

If the plaintiff had gone on, the result might have been different. I do not know what the evidence would have devel-

De la Rosa v. Sucrerie Centrale Coloso.

oped, but I do not think that ordinarily a person relying upon limitation has to prove in Porto Rico or anywhere else the interruptions. And not only is that so as a general rule, but it seems to me that it is concluded by § 1862, where it speaks of the mere lapse of time as being conclusive. There has been a lapse of time of five years, and it seems to me that the point must be decided in favor of the defendant.

The motion to direct a verdict is therefore sustained.